**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. 06-13861

HONORABLE DENISE PAGE HOOD

EIGHT THOUSAND TWO HUNDRED
EIGHTY SEVEN DOLLARS AND FORTY
TWO CENTS ($8,287.42) IN U.S. CURRENCY,
et al.,

    Defendants.
_____/

**ORDER GRANTING MOTION TO SUPPLEMENT/AMEND/CORRECT**
**CONSENT JUDGMENT AND FINAL ORDER OF FORFEITURE AS TO**
**REAL PROPERTY LOCATED AT 20050 WINCHESTER, SOUTHFIELD, MICHIGAN**

On June 22, 2010, the parties entered into a Stipulated Consent Judgment and Final Order of Forfeiture. On August 30, 2011, the Government filed the instant Motion to Supplement the June 22, 2010 Final Order of Forfeiture as to the Real Property Located at 20050 Winchester, Southfield, Michigan. No response was filed to the motion by the Claimants. The Government asserts that Claimants do not oppose the motion. A hearing was held on the matter on October 11, 2011. Counsel for JP Morgan Chase Bank, N.A. ("Chase") appeared at the hearing. The Court allowed counsel to argue Chase's position on the motion even though no written response to the motion had been filed by Chase. The Court took the motion under advisement. To date, no written response has been filed to the motion by any party.

The Government claims that its attempts to dispose the Winchester property have been encumbered by a mortgage interest held by JP Morgan Chase and/or Chase Home Finance LLC.

The Government cannot obtain title insurance because of Chase's lien. Chase's recorded its interest on March 31, 2006, after the Government filed its interest on March 8, 2006. Chase was provided notice of the forfeiture proceedings but failed to file a claim or otherwise appear in these proceedings. (Exs. D and E, U.S. Brief) In addition to a letter to Chase, the Government filed various notices with the Detroit Legal News regarding the intended forfeiture of the Winchester Property. (Doc. No. 11, Aff. of Publication) As noted above, the Court entered a Final Order of Forfeiture on June 22, 2010.

On February 10, 2011, the Government received a Notice of Mortgage Foreclosure Sale regarding the Winchester property, with a Sheriff's sale scheduled for March 8, 2011. The Government issued a letter to Chase on March 4, 2011 demanding Chase to cease and desist the foreclosure sale noting the Final Order of Forfeiture. (Ex. F, U.S. Brief) Chase thereafter responded that the foreclosure sale was adjourned pending formal approval from Chase to cancel the sale. (Ex. G, U.S. Brief). The Government thereafter requested from Chase the status of the formal approval in a May 3, 2011 letter but no response was received by the Government from Chase. (Ex. H, U.S. Brief)

Chase had sufficient notice of the original forfeiture proceeding, the filing of the Final Order of Forfeiture and the Government's intention to seek an additional order regarding the Winchester property. Chase failed to file a claim during the initial forfeiture proceedings and after the Final Order of Forfeiture was entered. It is noted that Chase's mortgage interest was recorded after the Government's lien was filed. The Government is entitled to the supplemental order regarding the Winchester property in order to obtain title insurance. The Court has jurisdiction to supplement Consent Judgment under 28 U.S.C. §§ 1345, 1355, and 1395.

Accordingly,

IT IS ORDERED that the Government's Motion to supplement/amend/correct the Consent Judgment as to the Winchester property **(Doc. No. 29, filed August 30, 2011)** is GRANTED. A separate order supplementing the Consent Judgment will be entered.

s/Denise Page Hood
United States District Judge

Dated:  October 17, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 17, 2011, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager
